**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000315**
**30-SEP-2019**
**11:04 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


LARRY BOSWORTH, Claimant-Appellant,
v.
FOSS MARITIME COMPANY, Employee-Appellee,
and
ACCLAIM RISK MANAGEMENT, Insurance Carrier-Appellee


NO. CAAP-16-0000315


APPEAL FROM LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-352; DCD NO. 2-14-03204)


September 30, 2019


GINOZA, CHIEF JUDGE, LEONARD AND CHAN, JJ.


OPINION OF THE COURT BY GINOZA, C.J.

In this appeal, Claimant-Appellant Larry Bosworth
(**Bosworth**), who is self-represented, appeals from the "Decision
and Order" (**Order Denying Appeal**) entered by the State of Hawai'i
Labor and Industrial Relations Appeals Board (**LIRAB**) on March 8,
2016, in favor of Employer-Appellee Foss Maritime Company and
Insurance Carrier-Appellee Acclaim Risk Management (**collectively,
Foss Maritime**). The Order Denying Appeal affirmed the decision
and order issued by the Director of Labor and Industrial
Relations (**Director**) on October 10, 2014, which, `inter alia,
denied Bosworth's claim for workers' compensation benefits under

Hawaii Revised Statutes (**HRS**) Chapter 386 for an alleged injury that he sustained while employed by Foss Maritime.

From what we can discern,[1] Bosworth contends on appeal that the LIRAB erred by: (1) concluding that the LIRAB lacked jurisdiction under HRS § 386-7 (2015)[2] because Bosworth's work injuries were covered or "provided for" under federal law; and (2) determining that Bosworth was a "seaman" under 46 U.S.C. § 30104 (**the Jones Act**).[3]

For the reasons discussed below, we affirm.

## I. Background

On February 28, 2014, Bosworth filed a claim with the State of Hawai'i Department of Labor and Industrial Relations Disability Compensation Division alleging that on January 11, 2014, he sustained various mental health injuries related to "stress due to management pressure while preforming [sic] duties[.]" Bosworth's claim stated that his occupation with Foss Maritime was as a "Class II Tug Operator", and that his injuries were sustained "on Tug in Harbor."

---

[1] Bosworth's opening brief is deficient in regard to the requirements of Rule 28 of the Hawai'i Rules of Appellate Procedure (**HRAP**). However, Hawaii's appellate courts seek to address appeals on the merits where possible and to the extent that we can discern the arguments raised. See Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012); Norton v. Admin. Dir. of Court, 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995).

[2] HRS § 386-7 provides:

> **§386-7 Interstate and foreign commerce and maritime employment.** To the extent permissible under the Constitution and the laws of the United States, this chapter shall apply to employees and employers engaged in interstate and foreign commerce and to employees in maritime employment and their employers not otherwise provided for by the laws of the United States.

(Emphasis added).

[3] 46 U.S.C. § 30104 provides:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

(Emphasis added).

On October 10, 2014, the Director entered a written decision finding, *inter alia*, that at the time of his injury, Bosworth was a "seaman" as contemplated under the Jones Act, and thus his work injury was covered under federal law. The Director, relying on HRS § 386-7, the Jones Act, and Bosworth's testimony, concluded that Bosworth "does not have a compensable claim as he is not under the jurisdiction of the State of Hawaii and is in the jurisdiction of the Jones Act." The Director thus denied Bosworth's claim for workers' compensation benefits.

On October 29, 2014, Bosworth appealed the Director's decision to the LIRAB. On October 7, 2015, the LIRAB conducted an evidentiary hearing on Boswowrth's appeal. On March 8, 2016, the LIRAB entered its Order Denying Appeal, concluding, *inter alia*, that Bosworth was a "seaman" under the Jones Act, and his injury was "provided for" under federal law. The LIRAB thus concluded that it lacked jurisdiction over Bosworth's claim under HRS § 386-7. This appeal follows.

## II. Standard of review

Appellate Review of a LIRAB decision is governed by HRS § 91-14(g). <u>Capua v. Weyerhaeuser Co.</u>, 117 Hawaiʻi 439, 444, 184 P.3d 191, 196 (2008). At the time of Bosworth's appeal, HRS § 91-14(g) (2012) provided:

> **§91-14 Judicial review of contested cases.**
> . . . .
>
> (g) Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or
> (2) In excess of the statutory authority or jurisdiction of the agency; or
> (3) Made upon unlawful procedure; or
> (4) Affected by other error of law; or
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91-14(g), conclusions of law (**COLs**) are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3). A COL is not binding on an appellate court and is freely reviewable for its correctness. Thus, the court reviews COLs *de novo*, under the right/wrong standard." Capua, 117 Hawaiʻi at 444, 184 P.3d at 196 (quoting Tam v. Kaiser Permanente, 94 Hawaiʻi 487, 494, 17 P.3d 219, 226 (2001)).

> We also note that:
>
>> A COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case. Price v. Zoning Bd. of Appeals of City and County of Honolulu, 77 Hawaiʻi 168, 172, 883 P.2d 629, 633 (1994). When mixed questions of law and fact are presented, an appellate court must give deference to the agency's expertise and experience in the particular field. Dole Hawaiʻi Division-Castle & Cooke, Inc. v. Ramil, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990). The court should not substitute its own judgment for that of the agency. Id. (citing Camara v. Agsalud, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984)).

Igawa v. Koa House Rest., 97 Hawaiʻi 402, 406, 38 P.3d 570, 574 (2001) (internal quotation marks and brackets omitted) (quoting In re Water Use Permit Applications, 94 Hawaiʻi 97, 119, 9 P.3d 409, 431 (2000)).

### III. Discussion

#### A. HRS Chapter 386 is Not Applicable to a "Seaman" Who is "Provided For" Under the Jones Act

We first address Bosworth's contention that HRS § 386-7 does not divest the LIRAB of jurisdiction over the claims of a "seaman" who is "provided for" under the Jones Act. In its Order Denying Appeal, the LIRAB concluded that HRS Chapter 386 "does not apply to maritime employees whose work injuries are covered or 'provided for' under federal law." The LIRAB further concluded that "federal remedies, to the extent that they are available to injured maritime employees, are expressly excluded from Hawaii's workers' compensation law."

The LIRAB based its conclusions on its interpretation of HRS § 386-7, which provides:

> To the extent permissible under the Constitution and the laws of the United States, this chapter shall apply to employees and employers engaged in interstate and foreign

commerce and to <u>employees in maritime employment and their employers not otherwise provided for by the laws of the United States</u>.

(Emphasis added).

We review *de novo* the LIRAB's conclusions of law and agree with its interpretation of HRS § 386-7. Specifically, we conclude that if an employee in maritime employment and his or her employer are provided for by the laws of the United States, *i.e.*, are covered by the laws of the United States, then HRS Chapter 386 does not apply to that employee.

For questions of statutory interpretation, the following principles are applicable:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. And fifth, in construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.

<u>Hawaii Gov't Emps. Ass'n, AFSCME Local 152, AFL-CIO v. Lingle</u>, 124 Hawai'i 197, 202, 239 P.3d 1, 6 (2010) (citation omitted). As stated above, the language of HRS § 386-7 plainly states that "[t]o the extent permissible under the Constitution and the laws of the United States," HRS Chapter 386 "shall apply to employees and employers engaged in interstate and foreign commerce and to employees in maritime employment and their employers <u>not otherwise provided for by the laws of the United States</u>." (Emphasis added). The plain and obvious meaning of HRS § 386-7 precludes maritime employees who are "provided for" under federal law from receiving workers' compensation benefits under HRS Chapter 386.[4]

---

[4] Even though the plain meaning of a statute is apparent, legislative history may be considered to confirm the statute's plain meaning. <u>E & J Lounge Operating Co., Inc. v. Liquor Comm'n of City and Cty. of Honolulu</u>, 118 Hawai'i 320, 335-36, 189 P.3d 432, 447-48 (2008). With regard to HRS § 386-7,

(continued...)

Applied here, the LIRAB concluded that it lacked jurisdiction over Bosworth's claim because, as a "seaman", Bosworth is "provided for" under the Jones Act, making HRS Chapter 386 inapplicable to his claim for workers' compensation benefits. The provision in the Jones Act that the LIRAB held provides relief for a "seaman" is 46 U.S.C. § 30104, which states:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

(Emphasis added). The LIRAB concluded that a "seaman" is "provided for" under federal law, inasmuch as "[t]he Jones Act is a federal statute that provides a seaman a right of action for damages against the employer for personal injuries sustained in the course of maritime employment."[5] We conclude that the plain and unambiguous language of HRS § 386-7 supports the LIRAB's interpretation of the statute and the LIRAB's conclusion that it lacks jurisdiction over Bosworth's claim.

In a related action to the instant case, the U.S. District Court for the District of Hawaiʻi (**U.S. District Court**) similarly concluded that pursuant to HRS § 386-7, the State of Hawaii's workers' compensation law is inapplicable to a "seaman's" work injury claim because relief is provided for by the Jones Act. Bosworth v. Foss Mar., CIVIL 15-00285 LEK-BMK, 2016 WL 6433832, at *6-7 (D. Hawaiʻi Oct. 31, 2016);[6] see also In

---

[4](...continued)
however, the legislative history does not provide further guidance.

[5] The criteria to qualify as a "seaman" under the Jones Act is discussed *infra*.

[6] Bosworth's lawsuit in the U.S. District Court was brought against, *inter alia*, Foss Maritime, and arose out of the same alleged injury involved in the instant appeal. The U.S. District Court construed Bosworth's complaint to allege a number of claims, including a wrongful termination claim in violation of HRS § 378-32(a)(2), which prohibits termination of an employee because of an injury compensable under HRS Chapter 386. The U.S. District Court concluded, among other things, that Bosworth's HRS § 378-32 claim was futile because Chapter 386 did not apply to Bosworth because he was a Jones Act seaman. Id. at *6-7.

re Holoholo Litig., 557 F.Supp. 1024 (D. Hawai'i 1983) (holding that Hawaii's workers' compensation law did not bar deceased employees' survivors' claims brought under federal law, including the Jones Act).

While Hawaii's appellate courts have not yet addressed this issue, other jurisdictions with similar provisions in their workers' compensation laws have determined that injured workers covered by federal law are precluded from seeking benefits under their respective workers' compensation laws. See Morris v. Owensboro Grain Co., LLC, 407 S.W.3d 559, 561-63 (Ky. 2013) (holding that Kentucky's workers' compensation exemption law indicated that the Kentucky General Assembly intended to exempt any worker from the State's workers' compensation law when the injury is covered by a federal workers' compensation scheme, including the Jones Act);[7] Fulmer v. State, Dep't. of Wildlife and Fisheries, 68 So.3d 499, 505 (La. 2011) (noting that a provision in Louisiana's worker's compensation law specifically stating that no compensation shall be payable in respect to the injuries of any employee covered by the Jones Act is a clear statement indicating that any employee covered by the Jones Act is not provided compensation under state workers' compensation law);[8] Harvey's Casino v. Isenhour, 724 N.W.2d 705, 706-09 (Iowa

---

[7] Morris considered Ky. Rev. Stat. § 342.650, entitled "Exemptions of particular classes of employees from coverage", which provided, in relevant:

> The following employees are exempt from the coverage of this chapter:
>
> . . .
>
> (4) Any person for whom a rule of liability for injury or death is provided by the laws of the United States, except those persons covered under Title IV, Public Law 91-173, 91st Congress, commonly referred to as the Black Lung Benefits of the Federal Coal Mine Health and Safety Act of 1969, or as amended[.]

(Footnote omitted).

[8] Fulmer considered La.Rev.Stat. § 23:1035.2, entitled "Claims covered by certain federal laws", which provided:

> No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor

(continued...)

2006) (holding that employees were "seaman" for purposes of the Jones Act, and thus were not under the jurisdiction of the state workers' compensation commission because Iowa workers' compensation law precludes the claims of workers who are covered by a compensation statute enacted by the Congress of the United States).[9]

We read HRS § 386-7 to exclude employees in maritime employment and their employers who are "provided for" by the laws of the United States from coverage under HRS Chapter 386. Therefore, the LIRAB correctly determined that it lacked jurisdiction over the workers' compensation claims of a "seaman" covered under the Jones Act.

**B. The LIRAB Did Not Err in Concluding That Bosworth is a "Seaman" under the Jones Act**

As noted by the LIRAB, the term "seaman" is not defined in the Jones Act. However, the federal courts have addressed which maritime workers qualify as a "seaman" entitled to protection under the Jones Act. See Chandris, Inc. v. Latsis, 515 U.S. 347, 355 (1995). In the instant case, the LIRAB relied on the guidance provided in federal case law to determine Bosworth's "seaman" status at the time of his alleged injury.

---

[8](...continued)
>        Worker's Compensation Act, or any of its extensions, or the
>        Jones Act.

(Footnote omitted).

[9]    Harvey's Casino considered Iowa Code § 85.1 (2001), entitled "Inapplicability of chapter", which provided, in relevant:

>        Except as provided in subsection 6 of this section, this
>        chapter does not apply to:
>
>        . . . .
>
>        (6)    Employers may with respect to an employee or a
>               classification of employees exempt from coverage
>               provided by this chapter pursuant to subsection 1, 2,
>               3, 4, or 5, other than the employee or classification
>               of employees with respect to whom a rule of liability
>               or a method of compensation is established by the
>               Congress of the United States, assume a liability for
>               compensation imposed upon employers by this chapter[.]

(Emphasis added).

"[T]he question of who is a 'member of a crew,' and therefore who is a 'seaman,' is a mixed question of law and fact." Id. at 369.

The LIRAB applied a two-part test enunciated by the Fifth Circuit Court of the United States Court of Appeals in Offshore Company v. Robison, 266 F.2d 769 (5th Cir. 1959). In Robison, the Fifth Circuit Court held that an evidentiary basis for a Jones Act case exists:

> (1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

Id. at 779 (footnote omitted). In its Order Denying Appeal, the LIRAB also recognized the essential requirements for "seaman" status as set forth by the U.S. Supreme Court in Chandris and McDermott International, Inc. v. Wilander, 498 U.S. 337 (1991). As explained in Chandris:

> [T]he essential requirements for seaman status are twofold. First, . . . an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission . . . . Second, and most important for our purposes here, a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature.

515 U.S. at 368 (citations, brackets, and internal quotation marks omitted).

In its Order Denying Appeal, the LIRAB made findings that supported its conclusion that Bosworth was a "seaman" covered under the Jones Act, and were consistent with the criteria set forth by the U.S. Supreme Court. The LIRAB found, *inter alia*, that: Bosworth was a Class 2 tugboat operator and performed a substantial part of his work on a vessel; Bosworth's job duties contributed to the function of the vessel and the accomplishment of its mission; Bosworth was a "seaman" prior to his alleged work injury; Bosworth was placed into a remedial training program to address the performance of his job and was in such training program at the time of his alleged injury; and

Bosworth's participation in the remedial training program did not change Bosworth's job title or job duties operating a vessel. The LIRAB thus found that "at the time of his alleged work injury, [Bosworth] continued to be a seaman, and that his alleged injury is covered or 'provided for' by the Jones Act, a federal law of the United States."

Because Bosworth does not directly challenge any of the of the LIRAB's findings of fact, the LIRAB's findings in its Order Denying Appeal are binding on this Court. See Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002).[10]

The LIRAB's determination was also made based upon its own assessment of the credibility of the testimony proffered by Bosworth and on behalf of Foss Maritime at the October 7, 2015 hearing on Bosworth's claim. In making its determination, the LIRAB specifically credited the testimony of Dean Kapoi (**Kapoi**), Vice President of Terminal Operations for Young Brothers (which Kapoi testified is within the "Foss Maritime Company family") over the testimony of Bosworth. The LIRAB noted in its Order Denying Appeal that Kapoi had testified that Bosworth was hired as a "Harbor Operator II, Class 2 Operator" in 2012, and worked as a crew member and seaman who was engaged in the navigation of tugboats. Kapoi further testified that Bosworth's work was performed over navigable waters of the United States, and that Bosworth was not considered a land-based worker. Kapoi also testified that Bosworth performed his regular work duties during the duration of the training program that Bosworth was engaged in at the time of his injury.

The LIRAB further noted that Bosworth's testimony was "internally inconsistent, seemingly self-serving, and unreliable[.]" Further, the LIRAB found that Bosworth's

---

[10] We further note that the record indicates Bosworth filed a document entitled "Amend Complaint" with the U.S. District Court in his related federal action, where he alleged that he was "filing this lawsuit in federal court under the authority of the Jones Act, 46 U.S.C. 688 because as a tug boat operator I am a Jones Act seaman[.]" (Emphasis added). The LIRAB specifically references this in its Order Denying Appeal, further supporting its finding that Bosworth was a "seaman" under the Jones Act.

testimony regarding his seaman status was not credible. We decline to disturb these findings on appeal. See Igawa, 97 Hawai'i at 410, 38 P.3d at 578 (recognizing that courts decline to consider the weight of evidence to ascertain whether it weighs in favor of findings, or to review an agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony).

As the LIRAB's determination was consistent with applicable federal law, and was supported by its findings made in the record, we conclude that the LIRAB did not err in concluding that Bosworth was a "seaman" covered under the Jones Act.

### IV. Conclusion

For the reasons discussed above, the Labor and Industrial Relations Appeals Board's "Decision and Order", filed March 8, 2016, is affirmed.

On the briefs:

Larry Bosworth,
Claimant-Appellant,
self-represented.

Scott G. Leong,
Shawn L.M. Benton,
Karolina A. Turska,
for Employer-Appellee and
Insurance Carrier-Appellee.